UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH

Case No. 05-80625-CIV-RYSKAMP/VITUNAC

IN RE:
RELIANCE FINANCIAL & INVESTMENT
GROUP, INC., *et al.,*

      Debtors.
_____/

JOHN P. BARBEE, Trustee in Bankrtuptcy,

      Plaintiff,

v.

JAMIE GOLDSTEIN; YOUBET.COM, INC.;
NANCY RYDGIG, as Trustee for the Gary Fears
Trust; ANTHONY TUMMINELLO, as Trustee
for the Gary Fears Trust; BRUCE I. KRAVITZ,
P.A; BRUCE I. KRAVITZ, individually; and
JOHN DOES 1 through 10,

      Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS**

THIS CAUSE comes before the Court upon Defendants' Jamie Goldstein, Nancy Rydgig, as trustee, Anthony Tumminello, as trustee, and Gary Fears' Motion to Dismiss the Fourth Amended Complaint and/or Motion for More Definite Statement **[DE 62]** filed on June 30, 2006. Plaintiff Responded **[DE ]** on August 4, 2006 and the Defendants Replied **[DE 79]** on August 28, 2006. The motion is fully briefed and ripe for adjudication.

**I.**    **Introduction**

The instant lawsuit is derived from a series of related bankruptcy cases that were administratively consolidated. *See Fourth Amend. Compl.* **[DE 44]**, at ¶¶ 4-7. The bankruptcies involve corporate and individual debtors (who were shareholders in some or all of the corporate

debtors). *Id*. Plaintiff, John P. Barbee, serves as the Trustee in all the bankruptcy cases. *Id*.

J. Goldstein created the JG Trust organized under the laws of the Cook Islands. *Id*. at ¶ 8. Although J. Goldstein was never the Trustee or Protector of the Trust prior to October 2002, he maintained control over the trust; he was the settlor and beneficiary of the income and principal wherein the Trustees were to use any income or principal deemed necessary and advisable to provide for the care, support, and comfort of J. Goldstein, his spouse, parents, or children. *Id*. at ¶¶ 8, 38, 58-59.

In 2001, J. Goldstein and his father, Donald Goldstein (D. Goldstein), were sued in the U.S. District Court for the District of Colorado. *Id*. at ¶¶ 10, 20-21. The Colorado District Court issued injunctions against J. Goldstein preventing him from disposing of any assets in his possession. *Id*. at ¶ 22. The Colorado Court also ordered J. Goldstein to repatriate overseas funds including assets held by the JG Trust. *Id*. at ¶ 23. J. Goldstein failed to comply with the Court's Order so the Colorado District Judge incarcerated him. *Id*. at ¶¶ 24-25. While incarcerated, J. Goldstein and his mother, P. Goldstein, requested that the JG Trust be terminated. *Id*. at ¶¶ 10, 26-27. J. Goldstein was released from prison in October, 2002. *Id*. at ¶ 28.

At some point before November 22, 2002, and before J. Goldstein filed for bankruptcy, the JG Trust was terminated with the Trustee and Protector's permission. *Id*. at ¶¶ 29-31, 33. Upon termination, the Trust's assets reverted back to J. Goldstein. *Id*. at ¶ 32. Within the context of J. Goldstein's bankruptcy case, he listed among his personal property, interest in JG Trust. *Id*. at ¶¶ 9, 34. Additionally, J. Goldstein listed his interest in the JG Trust as an exempt asset, with a value of the claimed exemption of $600 and current market value without deducting exemptions of $550,000.00. *Id*. at ¶¶ 35-36. He stated that the $550,000 was in the Colorado Court Registry, but

the Note and Warrant were never entered into the Colorado Court Registry. *Id*. at ¶¶ 35, 37. When he filed for bankruptcy, J. Goldstein was single and without children. *Id*. at ¶11.

On March 28, 2004, the Bankruptcy Court approved a settlement agreement between the parties wherein J. Goldstein stated he had fully disclosed all his assets and J. Goldstein and his parents relinquished their rights to D.G. Trust,[1] JG Trust, or any other scheduled trust. *Id*. at ¶ 60. Plaintiff contends that J. Goldstein failed to disclose any interest in the Note, Warrant, Fears Trust, money transferred from Youbet, payments to Kravitz P.A., and payments from Fears Trust. *Id*. at ¶ 60B.

On March 21, 2002, while the Colorado action was ongoing and before the JG Trust was terminated, Jamie Goldstein (J. Goldstein) transferred $200,000 to Youbet in exchange for a Promissory Note of $200,000 plus interest and a Common Stock Warrant for a right to purchase up to 200,000 shares at fifty cents per share or receive less shares for no cost. *Id*. at ¶¶ 12-17. Both the Note and Warrant were executed in favor of the JG Trust and the Warrant allowed for lawful assignment. *Id*. at ¶ 16-17. Youbet delivered the original note and Warrant to Allen Meyer. *Id*. at ¶ 18. Youbet never received an original Promissory Note or Warrant nor did it issue a replacement Note or Warrant upon a claim that the original was lost or stolen. *Id*. at ¶¶ 50-53.

On March 1, 1999 the Fears Trust was formed. *Id*. at 39. The Plaintiff alleges the following based upon information and belief: Rydgig and Tumminello are the Trustees of the Fears Trust, a revocable trust, and that John Does 1 thought 10 are unidentified persons acting as Trustees when this suit was filed. *Id*. at ¶¶ 40-42. Gary Fears is believed to be the beneficiary of the Fears Trust and he receives transfers from the trust. *Id*. ¶¶ at 43-44. At sometime between May 31, 2002 and July 15, 2002, the Fears Trust disbursed $131,500 to J. Goldstein; after J. Goldstein declared Bankruptcy,

---

[1] Plaintiff never before mentioned the D.G. Trust in the Complaint.

the Fears Trust gave him $50,000. *Id*. at ¶¶ 45-46.

Youbet transferred $55,342.46 to the Fears Trust on January 28, 2003 and $166,027.38 to Kravitz P.A. on February 7, 2003 in satisfactions of the Promissory Note. On February 27, 2003, Kravitz P.A. transferred $150,027.38 of that deposit to himself individually. *Id*. at ¶¶ 47-49. Then, in June 2003, Fears Trust exercised the Warrant and Youbet issued the Trust a stock certificate for 165,518 shares with a value of about $480,002. *Id*. at ¶54. By the time this suit was filed, the value of the stocks had increased to $653,000. *Id*. Neither the Note nor the Warrant had been assigned from JG Trust to either Gary Fears, the Gary Fears Trust, Bruce I. Kravitz P.A., or Kravitz individually. *Id*. at ¶¶ 55-57.

Plaintiff alleges that the "fraudulent transfers which are the subject of this action are voidable under Florida law by creditors who hold unsecured claims against claims against (*sic*) the Debtor that are allowable under section 502 of the Code." *Id*. at ¶ 61. Plaintiff also argues that the following facts show that J. Goldstein owned the Note and Warrant even though they were issued to JG Trust: J. Goldstein was the Trust's Settlor and an income and principal beneficiary as the Trustee had discretion to use the Trust's property for J. Goldstein's benefit; J. Goldstein used his personal funds to finance the loan to Youbet; although Allan Meyer was not the Trustee of the JG Trust, he received the original Note and Warrant; and J. Goldstein exercised control over the Note by attempting to assign it to Bruce Kravitz in his professional and/or personal capacity, Gary Fears and/or the Fears Trust; J. Goldstein exercised control over the Warrant by assigning it to the Fears Trust. *Id*. at ¶¶ 62A-F. Plaintiff also alleges that the J. Goldstein exercised control over the JG Trust by his ability to have the trust liquidated; thus, Plaintiff contends that the Trust's formalities should be disregarded and the JG Trust's assets should be treated as J. Goldstein's assets individually. *Id*. at ¶ 62G. Based

4

on the forgoing facts, the Plaintiff sets out twenty-two claims for relief. *Id.* at ¶¶ 63-166.

## II. Discussion

### A. Standard of Law on Motions to Dismiss

A court should only grant a motion to dismiss for failure to state a claim "when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'." *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). A motion to dismiss merely tests the sufficiency of the complaint; it does not decide the merits of the case. *See Wein v. American Huts, Inc.*, 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004). In general, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.

When considering a motion to dismiss, the court must accept the well-pled facts in the complaint as true and construe them in the light most favorable to the plaintiff. *Beck v. Deloitte & Touche et al.*, 144 F.3d 732, 735 (11th Cir. 1998). As the Eleventh Circuit has noted, "the threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low." *In re Southeast Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995) (quotations omitted). Nonetheless, to withstand a motion to dismiss, it is axiomatic that the complaint must allege facts sufficiently setting forth the essential elements of a cause of action. *See Wein*, 313 F. Supp. 2d at 1359. Any additional documents included by the Defendants has been

disregarded in this decision.

To determine whether the complaint contains sufficient factual allegations, courts must look only at the complaint and the supporting documents submitted with the complaint. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). If there is a conflict between the complaint and the supporting documents, the information contained in the supporting documents controls. If the Plaintiff fails to attach a crucial document to the complaint a defendant may include that document with its motion to dismiss but the Court's consideration of that document converts the motion into one for summary judgement. *Trustmark Ins. Co. v. ESLU Inc.*, 299 F.3d 1265, 1265 (11th Cir. 2002). Since this Court does not believe that a motion for summary judgement is appropriate at this time, none of the additional documents submitted by the Defendants will be considered when deciding the Motion to Dismiss.

      **B.    J. Goldstein, Rydgig, Tumminello, and Gary Fears' Motion to Dismiss**

These Defendants generally argue that the complaint is legally deficient and therefore should be dismissed with prejudice. First, Fears, Tumminello, and Rydgig argue that the fourth count should be dismissed because Plaintiff alleges they are transferees of the note and that the transfer was avoidable pursuant to the allegations in counts 1-3. Counts 1-3, however, allege transfers of the Warrant, not the Note. (G,R,T,F Dismiss at 15).

Second, J.Goldstein argues that any counts (6, 9, 11) seeking damages against him in his capacity as transferee should be dismissed because the Plaintiff has failed to show that J. Goldstein controlled the JG Trust or that he benefitted from any of the transfers. (G,R,T,F Dismiss at 15-16).

Third, J. Goldstein argues that the trustee failed to provide facts to show that J. Goldstein controlled the JG Trust and that the issue of control is a legal conclusion. (G,R,T,F Dismiss at 16-

17). Moreover, J. Goldstein argues that the Trust Agreement shows that he did not control the trust assets because the trust was irirrevocable and included a spendthrift clause and therefore any assertions Plaintiff made to the contrary, namely in paragraph 62 of the complaint, cannot be deemed true. (G,R,T,F Dismiss at 17-20).

Fourth, the Defendants argue that the Complaint merely recites statutory requirements but fails to allege any facts to support of claims 1-3. They argue that for fraud claims, Rule 9 must be followed. Specifically, the Defendants argue that Plaintiff provided no facts showing that J. Goldstein transferred anything, contemplated business transactions, the value of the Warrant when it was issued, or debts that J. Goldstein would incur. (G,R,T,F Dismiss at 20-21).

Fifth, Fear, Rydgig, and Tumminello argue that the Warrant requires all assignments be written and that the complaint affirms that there was no written assignment of the Warrant. (G,R,T,F Dismiss at 21-22). The Warrant was made out to JG Trust, the Warrant did not allow for oral assignments and therefore, JG Trust still holds the Warrant and the Complaint fails as to these Defendants. (G,R,T,F Dismiss at 22). Even if there were a written assignment, the Warrant required that a new replacement Warrant be issued. (G,R,T,F Dismiss at 22). Finally, Defendants argue that it is unclear who received the assignment; if it went to Fears Trust, then J. Goldstein's role is unclear since he would never held the warrant. (G,R,T,F Dismiss at 22-23).

Sixth, the Defendants argue that claims seven and eight are deficient in that the Plaintiff cannot prove that Youbet's payment of the Note was ever an asset of the JG Trust or that payment of the Fears Trust was related to the Note as there was no written notice that the Note would be prepaid as required by the Note. (G,R,T,F Dismiss at 23-24). They argue that claims ten and eleven are deficient in that Plaintiff failed to prove that an assignment occurred and because Plaintiff failed

to show that Goldstein received exercise rights under the Warrant, owned/held the Warrant, benefitted from the Warrant, and that, therefore, he was the transferee. (G,R,T,F Dismiss at 24-25). They argue that claims twelve, thirteen, and fourteen are deficient in that Plaintiff failed to prove facts sufficient to meet the requirements under Rule 9. They also argue that those same claims, along with claim fifteen are deficient in that Plaintiff failed to show assignment, transfer, or the value of the warrant on the date it was issued.

Seventh, the Defendants argues that claim sixteen is insufficient because claims made under 547(b) of the bankruptcy code must be specifically alleged and Plaintiff fails to allege that Goldstein was insolvent, that he assigned the warrant, or that Fears or the Fears trust was an insider. Last, Defendants argue that claim twenty-two fails because it fails to plead the elements for injunctive relief.

Generally, the Defendants' arguments consolidate into the following broad categories: (1) that the evidence in the Complaint conflicts with extrinsic documents provided by the Defendants, (2) that under Rule 9, fraud claims must be pled with particularity, (3) that the Plaintiff makes legal conclusions instead of providing factual allegations for example that Plaintiff has failed to allege that J. Goldstein controlled the Trust and any assets belonging to the trust, and finally, (4) that the Trustee cannot be a successor to the JG Trust because his son was a listed beneficiary and that J. Goldstein's interest would fall to his son, rather than the Plaintiff, once J. Goldstein renounced his interest as a beneficiary.

First, as stated above, this Court can only consider the four corners of the complaint in order to rule on these Motions; to do otherwise, would convert the motion to dismiss into a summary judgement motion. Since this Court can only consider the facts as alleged in the Complaint, all of the

8

Defendants' arguments concerning conflict between the pleading and documents not included in the Complaint, such as the Trust Agreement, Warrant, and Note must fail.

Second, Rule 9 requires that fraud claims be pled with particularity so that defendants know exactly the charges against them and to protect the defendants against baseless claims. *Profilet v. Cambridge Financial Corp.*, 231 B.R. 373, 378 (S.D. Fla. 1999). Rules 9 and 8(a) should be read together so that the concept of notice pleading is not destroyed. *Id*. In the Eleventh Circuit, pursuant to Bankruptcy Rule 9014, the specific pleading requirements of Rule 9 applies for fraud claims in bankruptcy cases. *In re McDaniel*, 347 B.R. 444, 445-46 (Bankr. M.D. Fla. 2006). This rule is relaxed, however, when the trustee of a bankruptcy estate brings the fraud claim because pleading requirements are generally more relaxed in bankruptcy cases and, most importantly, because the Trustee will inevitably lack knowledge regarding acts of fraud previously committed by or against a third party debtor. *Profilet*, at 379. Thus, although Rule 9 does apply, this Court finds that the factual allegations in the complaint are sufficient. The Trustee has specifically alleged which parties committed each allegation of fraud, it has outlined how J. Goldstein, his parents, each of the Trusts, the Trust's officers, and financial parties are involved and potentially liable.

Third, the Federal Courts require mere notice pleadings; this is not a fact pleading jurisdiction. The Plaintiff has provided sufficient factual allegations to support his claims. For example, the Complaint alleges that J. Goldstein actually controlled the trust though the facts listed in paragraphs 12-19 and 62, which supports Plaintiff's allegation that the JG Trust was Goldstein's property. Another pervasive argument is Plaintiff's alleged failure to show that Goldstein was a transferee but paragraphs 11-13 and 46 belie that contention. Moreover, the Plaintiff established the reasonable equivalent value of the Warrant, fifty cents per share, in paragraph sixteen, and showed that there may

have been an assignment in paragraphs 74, 78 and 79 of the Complaint. In another example, paragraph 116 alleges sufficient facts to show that Gary Fears and/or Fears Trust were insiders with J. Goldstein. The Complaint satisfies the minimal pleading requirements of Federal Courts.

**C. Defendant's Motion for More Definite Statement**

In general, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Federal Rules "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). In other words, the complaint need not spell out the alleged facts with exactitude. *See Quality Foods de Centro America v. Latin American Agribusiness Dev. Corp.,* 711 F.2d 989, 995 (11th Cir. 1983).

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to move for a more definite statement if a pleading is "so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading..." Motions for more definite statement are disfavored under the liberal notice pleading approach in the Federal Rules of Civil Procedure; rather, discovery is the correct vehicle to obtain information necessary for trial. *See, e.g., Erickson v. Hunter*, 932 F. Supp. 1380, 1385 (M.D. Fla. 1996). In other words, a motion for more definite statement is not a substitute for discovery. *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir.1959); *Herman v. Continental Grain Co.*, 80 F. Supp. 2d 1290, 1297 (M.D. Ala. 2000). "The motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." *Aventura Cable Corp. v. Rifkin/Narragansett South Florida CATV Ltd. Partnership*, 941 F. Supp. 1189, 1195 (S.D. Fla. 1996); *see also S.E.C. v. Digital Lightwave, Inc.*, 196 F.R.D. 698, 700 (M.D.

Fla. 2000) (touchstone for Rule 12(e) motion is unintelligibility, not lack of detail). Indeed, "[a] motion for a more definite statement will only be required when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Campbell v. Miller*, 836 F. Supp. 827, 832 (M.D. Fla. 1993) (citations omitted). As such, motions for more definite statement are rarely granted. *See, e.g., Aventura*, 941 F. Supp. at 1195 ("Federal courts generally disfavor such motions."); *Butler v. Matsushita Communication Industrial Corp. of U.S.*, 203 F.R.D. 575, 584 (N.D. Ga. 2001) (noting that class of pleadings that are appropriate subjects for a Rule 12(e) motion is "quite small").

In this case, the Court does not consider the Complaint so vague and ambiguous as to deprive Defendant of fair notice of the nature and basis of Plaintiff's claim.

### III. Conclusion

After carefully considering the motions and the pertinent portions of the record, and having heard oral arguments on the same, it is hereby,

ORDERED and ADJUDGED that: Defendants' Jamie Goldstein, Nancy Rydigig, as trustee, Anthony Tumminello, as trustee, and Gary Fears' Motion to Dismiss the Fourth Amended Complaint and/or Motion for More Definite Statement **[DE 62]** is DENIED.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 14 day of November, 2006.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies provided:
All counsel of record