**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH**

Case No. 05-80625-CIV-RYSKAMP/VITUNAC

IN RE:
RELIANCE FINANCIAL & INVESTMENT
GROUP, INC., *et al.,*

      Debtors.

_____/

JOHN P. BARBEE, Trustee in Bankrtuptcy,

      Plaintiff,

v.

JAMIE GOLDSTEIN; YOUBET.COM, INC.;
NANCY RYDGIG, as Trustee for the Gary Fears
Trust; ANTHONY TUMMINELLO, as Trustee
for the Gary Fears Trust; BRUCE I. KRAVITZ,
P.A; BRUCE I. KRAVITZ, individually; and
JOHN DOES 1 through 10,

      Defendants.

_____/

**<u>ORDER DENYING YOUBET'S MOTION TO DISMISS</u>**

THIS CAUSE comes before the Court upon YouBet.Com's Motion to Dismiss the Fourth

Amended Complaint **[DE 63]** filed on June 30, 2006.  Plaintiff Responded **[DE 73]** on August 4,

2006 and Youbet Replied **[DE 78]** on August 24, 2006.  The motion is fully briefed and ripe for

adjudication.

I.      **Introduction**

The instant lawsuit is derived from a series of related bankruptcy cases that were

administratively consolidated.  *See Fourth Amend. Compl.***[DE 44]**, at ¶¶ 4-7. The bankruptcies

involve corporate and individual debtors (who were shareholders in some or all of the corporate

debtors).  *Id*.  Plaintiff, John P. Barbee, serves as the Trustee in all the bankruptcy cases. *Id*.

J. Goldstein created the JG Trust organized under the laws of the Cook Islands.  *Id*. at ¶ 8.
Although J. Goldstein was never the Trustee or Protector of the Trust prior to October 2002, he
maintained control over the trust; he was the settlor and beneficiary of the income and principal
wherein the Trustees were to use any income or principal deemed necessary and advisable to
provide for the care, support, and comfort of J. Goldstein, his spouse, parents, or children.  *Id*. at
¶¶ 8, 38, 58-59.

In 2001, J. Goldstein and his father, Donald Goldstein (D. Goldstein), were sued in the
U.S. District Court for the District of Colorado.  *Id*. at ¶¶ 10, 20-21.  The Colorado District
Court issued injunctions against J. Goldstein preventing him from disposing of any assets in his
possession.  *Id*. at  ¶ 22.  The Colorado Court also ordered J. Goldstein to repatriate overseas
funds including assets held by the JG Trust.  *Id*. at  ¶ 23.  J. Goldstein failed to comply with the
Court's Order so the Colorado District Judge incarcerated him.  *Id*. at  ¶ ¶ 24-25.  While
incarcerated, J. Goldstein and his mother, P. Goldstein, requested that the JG Trust be terminated.
*Id*. at   ¶ ¶ 10, 26-27.   J. Goldstein was released from prison in October, 2002.  *Id*. at  ¶ 28.

At some point before November 22, 2002, and before J. Goldstein filed for bankruptcy,
the JG Trust was terminated with the Trustee and Protector's  permission.  *Id*. at  ¶¶ 29-31, 33.
Upon termination, the Trust's assets reverted back to J. Goldstein.  *Id*. at ¶ 32.  Within the
context of J. Goldstein's bankruptcy case, he listed among his personal property, interest in JG
Trust.  *Id*. at ¶¶ 9, 34.  Additionally, J. Goldstein listed his interest in the JG Trust as an exempt
asset, with a value of the claimed exemption of $600 and current market value without deducting
exemptions of $550,000.00.  *Id*. at ¶¶ 35-36.  He stated that the $550,000 was in the Colorado
Court Registry, but the Note and Warrant were never entered into the Colorado Court Registry.
*Id*. at ¶¶ 35, 37.  When he filed for bankruptcy, J. Goldstein was single and without children.  *Id*.

at ¶11.

On March 28, 2004, the Bankruptcy Court approved a settlement agreement between the parties wherein J. Goldstein stated he had fully disclosed all his assets and J. Goldstein and his parents relinquished their rights to D.G. Trust,[1] JG Trust, or any other scheduled trust. *Id*. at ¶ 60. Plaintiff contends that J. Goldstein failed to disclose any interest in the Note, Warrant, Fears Trust, money transferred from Youbet, payments to Kravitz P.A., and payments from Fears Trust. *Id*. at ¶ 60B. On March 21, 2002, while the Colorado action was ongoing and before the JG Trust was terminated, Jamie Goldstein (J. Goldstein) transferred $200,000 to Youbet in exchange for a Promissory Note of $200,000 plus interest and a Common Stock Warrant for a right to purchase up to 200,000 shares at fifty cents per share or receive less shares for no cost. *Id*. at ¶¶ 12-17. Both the Note and Warrant were executed in favor of the JG Trust and the Warrant allowed for lawful assignment. *Id*. at ¶ 16-17. Youbet delivered the original note and Warrant to Allen Meyer. *Id*. at ¶ 18. Youbet never received an original Promissory Note or Warrant nor did it issue a replacement Note or Warrant upon a claim that the original was lost or stolen. *Id*. at ¶¶ 50-53.

On March 1, 1999 the Fears Trust was formed. *Id*. at 39. The Plaintiff alleges the following based upon information and belief: Rydgig and Tumminello are the Trustees of the Fears Trust, a revocable trust, and that John Does 1 thought 10 are unidentified persons acting as Trustees when this suit was filed. *Id*. at ¶¶ 40-42. Gary Fears is believed to be the beneficiary of the Fears Trust and he receives transfers from the trust. *Id*. ¶¶ at 43-44. At sometime between May 31, 2002 and July 15, 2002, the Fears Trust disbursed $131,500 to J. Goldstein; after J. Goldstein declared Bankruptcy, the Fears Trust gave him $50,000. *Id*. at ¶¶ 45-46.

---

[1]Plaintiff never before mentioned the D.G. Trust in the Complaint.

Youbet transferred $55,342.46 to the Fears Trust on January 28, 2003 and $166,027.38 to Kravitz P.A. on February 7, 2003 in satisfactions of the Promissory Note. On February 27, 2003, Kravitz P.A. transferred $150,027.38 of that deposit to himself individually. *Id*. at ¶¶ 47-49. Then, in June 2003, Fears Trust exercised the Warrant and Youbet issued the Trust a stock certificate for 165,518 shares with a value of about $480,002. *Id*. at ¶54. By the time this suit was filed, the value of the stocks had increased to $653,000. *Id*. Neither the Note nor the Warrant had been assigned from JG Trust to either Gary Fears, the Gary Fears Trust, Bruce I. Kravitz P.A., or Kravitz individually. *Id*. at ¶¶ 55-57.

Plaintiff alleges that the "fraudulent transfers which are the subject of this action are voidable under Florida law by creditors who hold unsecured claims against claims against (*sic*) the Debtor that are allowable under section 502 of the Code." *Id*. at ¶ 61. Plaintiff also argues that the following facts show that J. Goldstein owned the Note and Warrant even though they were issued to JG Trust: J. Goldstein was the Trust's Settlor and an income and principal beneficiary as the Trustee had discretion to use the Trust's property for J. Goldstein's benefit; J. Goldstein used his personal funds to finance the loan to Youbet; although Allan Meyer was not the Trustee of the JG Trust, he received the original Note and Warrant; and J. Goldstein exercised control over the Note by attempting to assign it to Bruce Kravitz in his professional and/or personal capacity, Gary Fears and/or the Fears Trust; J. Goldstein exercised control over the Warrant by assigning it to the Fears Trust. *Id*. at ¶¶ 62A-F. Plaintiff also alleges that the J. Goldstein exercised control over the JG Trust by his ability to have the trust liquidated; thus, Plaintiff contends that the Trust's formalities should be disregarded and the JG Trust's assets should be treated as J. Goldstein's assets individually. *Id*. at ¶ 62G. Based on the forgoing facts, the Plaintiff sets out twenty-two claims for relief. *Id*. at ¶¶ 63-166.

## II.    Discussion

**A.      Standard of Law on Motions to Dismiss**

A court should only grant a motion to dismiss for failure to state a claim "when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).   A motion to dismiss merely tests the sufficiency of the complaint; it does not decide the merits of the case.   *See Wein v. American Huts, Inc.*, 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004).   In general, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   The rules "do not require a claimant to set out in detail the facts upon which he bases his claim.   To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.

When considering a motion to dismiss, the court must accept the well-pled facts in the complaint as true and construe them in the light most favorable to the plaintiff.   *Beck v. Deloitte & Touche et al.*, 144 F.3d 732, 735 (11th Cir. 1998).   As the Eleventh Circuit has noted, "the threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low." *In re Southeast Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995) (quotations omitted).   Nonetheless, to withstand a motion to dismiss, it is axiomatic that the complaint must allege facts sufficiently setting forth the essential elements of a cause of action. *See Wein*, 313 F. Supp. 2d at 1359.   Any additional documents included by the Defendants has been disregarded in this decision.

To determine whether the complaint contains sufficient factual allegations, courts must look only at the complaint and the supporting documents submitted with the complaint.   *Day v.*

*Taylor*, 400 F.3d 1272, 1276 (11ᵗʰ Cir. 2005).  If there is a conflict between the complaint and the

supporting documents, the information contained in the supporting documents controls.  If the

Plaintiff fails to attach a crucial document to the complaint a defendant may include that document

with its motion to dismiss but the Court's consideration of that document converts the motion

into one for summary judgement. *Trustmark Ins. Co. v. ESLU Inc.*, 299 F.3d 1265, 1265 (11ᵗʰ

Cir. 2002).  Since this Court does not believe that a motion for summary judgement is appropriate

at this time, the additional document submitted by the Youbet will be considered when deciding

this Motion to Dismiss.

B.     **Youbet.com's Motion to Dismiss**

Youbet argues that this Court should dismiss all counts against it, namely 1-3, 7-8, 10-11,

and 17-21 for failure to state a claim upon which relief can be granted.

Dismissal of Counts 1-3

Youbet argues that this Court should dismiss counts 1-3 against Youbet because it is an

incidental Defendant.  In counts 1-3, Plaintiff alleged avoidance of fraudulent transfer.  (Compl. at

¶¶ 64-65).  As support, Youbet argues that it is named in counts 1-3 where Plaintiff seeks a

declaration that the $200,000 that J. Goldstein transferred to Youbet, with the provision that

Youbet issue the Warrant to JG Trust, is avoidable; but Youbet is not named in counts 5-6 where

Plaintiff seeks damages from the conduct alleged in counts 1-3.  (Motion at 16).  Second, Youbet

argues that Plaintiff fails to state a claim because plaintiff must plead fraud claims with

particularity under Fed. R. Civ. Pro. 9(b), and Plaintiff pled his fraud claims generally.  (Motion at

16-17).

In Response, Plaintiff argues that the transfer of the Note and Warrant to JG Trust is

voidable because (1) it was done with the intent to defraud creditors, (2) the transfer was made

without receipt of reasonable equivalent value leaving J. Goldstein's assets substantially smaller in

relation to a business transaction in which he was about to engage, and (3) J. Goldstein received less than the reasonable equivalent value in return for the transfer and intended to or believed that he would not be able to pay debts as they became due as a result of the transfer.  (Response at 13-14).  In the alternative, Plaintiff contends that the Note and Warrant were J. Goldstein's personal assets because the spendthrift provision is invalid since the Trust was J. Goldstein's alter ego.  (Response at 14).

To adequately plead its claim Plaintiff seems to argue that it need only prove the badges of fraud to prove intent rather than the stricter pleading requirements in Rule 9.   (Response at 13). Plaintiff argues that application of Rule 9 in bankruptcy proceedings to prove statutory fraudulent transfer actions is not settled law.  Plaintiff contends that common law fraud and statutory fraudulent transfer actions are different because the latter does not have false representation as an element.  (Response at 14-15).   Alternatively, however, Plaintiff argues that its complaint does meet Rule 9 heightened pleading requirements.  (Response at 15).

Finally, with respect to counts two and three, Youbet's motion should be denied because the  counts are based in constructive fraud which does not require any heightened fact pleadings. (Response at 13-14).

In Reply, Youbet argues that application of Rule 9 is settled law and that it applies to actions for actual fraud as well as actions for constructive fraud.  (Reply at 9-10).

Rule 9 requires that fraud claims be pled with particularity so that defendants know exactly the charges against them and to protect the defendants against baseless claims.  *Profilet v. Cambridge Financial Corp.*, 231 B.R. 373, 378 (S.D. Fla. 1999).  Rules 9 and 8(a) should be read together so that the concept of notice pleading is not destroyed.  *Id*.   In the Eleventh Circuit, pursuant to Bankruptcy Rule 9014, the specific pleading requirements of Rule 9 applies for fraud claims in bankruptcy cases.  *In re McDaniel*, 347 B.R. 444, 445-46 (Bankr. M.D. Fla. 2006).

This rule is relaxed, however, when the trustee of a bankruptcy estate brings the fraud claim because pleading requirements are generally more relaxed in bankruptcy cases and, most importantly, because the Trustee will inevitably lack knowledge regarding acts of fraud previously committed by or against a third party debtor. *Profilet*, at 379. Thus, although Rule 9 does apply, this Court finds that the factual allegations in the complaint are sufficient. The Trustee has specifically alleged which parties committed each allegation of fraud, it has outlined how J. Goldstein, his parents, each of the Trusts, the Trust's officers, and financial parties are involved and potentially liable.

Dismissal of Counts 7-8, 10-11, and 17-21

Next, Youbet argues that this Court should dismiss the claims against it in counts 7-8, 10-11, and 17-21. Plaintiff makes the following allegations; in counts 7 and 8, avoidance of post-petition transfers of the Note; in counts 10 and 11, avoidance of post-petition transfers of the Warrant; in count 17, turnover of the note; in count 18, reestablishment of the lost Note; in count 19, enforcement of the Note; in count 20, reestablishment of the lost Warrant; and in count 21, declaratory judgement regarding the Warrant. (Compl. at ¶¶ 83-89, 93-99, 122-163).

First, Youbet claims that the Note and Warrant are not part of the bankruptcy estate because the JG Trust falls under an exception in 11 U.S.C. § 541(c)(2) to the general provision in 11 U.S.C. § 541(a)(1) that provides that a bankruptcy estate consists of all property interests a debtor has once the bankruptcy case commences. (Motion at 10-11). Specifically, § 541(c)(2) allows a debtor to exempt his beneficiary interest in a trust from the bankruptcy estate where the trust contains a transfer restriction that is enforceable under any non-bankruptcy law. (Motion at 10-11). Here, the Trust sets the law of the Cook Islands as the applicable jurisdiction under which the terms of the Trust were administered. (Motion at 11). Cook Island law allows the enforcement of a spendthrift clause even where the Settlor is also a beneficiary. (Motion at 11).

Thus, the Trust is valid under Cook Island law and therefore the bankruptcy estate does not have a property interest in the Trust.  (Motion at 12).  Youbet argues that this Court should honor the Trust agreement's choice of law, the Cook Islands, because the Restatement (Second) of Conflict of Laws and case law all advocate that Court's abide by the law of the jurisdiction that was selected in the Trust.  (Motion at 12-13).  Moreover, the Trust's formalities should not be ignored as the Plaintiff's allegations do not provide a legal basis to require Youbet pay the loan to the Plaintiff and to allow him to exercise the Warrant.  (Motion 13).  Although the Plaintiff argues that J. Goldstein held control over the Trust even though he was the beneficiary, and therefore provisions of the trust, namely choice of law, should be disregarded, Youbet argues that Plaintiff has not produced evidence to show that J. Goldstein actually did control the Trust.  (Motion at 13-15).

In Response, Plaintiff agrees that the statutory exception 11 U.S.C. § 541(c)(2) does recognize trusts organized under foreign law and that this trust was organized under Cook Island law.  (Response at 10).  Plaintiff also recognizes that Youbet accurately stated the law in regards to choice of law, but, argues that 11 U.S.C. § 541(a) and case law recognize a public policy interest in disregarding a trust's choice of law where local state and federal law had a stronger interest in the trust and its assets and where the foreign law offended the dominant policy interests of the local law.  (Response at 10-11).

Moreover, although the JG Trust includes a spendthrift provision, it is not a spendthrift trust because it was self-settled.  (Response at 7).  Under Florida law, creditors can reach assets of self-settled trusts even if it was established without any intent to defraud.  Moreover, Florida courts do not enforce spendthrift provisions where a trust was self-settled or where the beneficiary retains control over the trust's property.  (Response at 7).  Plaintiff notes that Youbet argues that J. Goldstein did not control the trust; however, Youbet acknowledges that J.

Goldstein was settlor and beneficiary of the trust.  (Response at 8-9).  Moreover, Plaintiff contends that the fact that J. Goldstein settled the trust "validates" its argument that J. Goldstein had control over the trust's assets.  (Response at 9).

In Reply, Youbet argues that the Cook Island law should govern the trust, that Plaintiff has not provided authority to disregard Cook Island law, and in accordance with Cook Island law, the trust assets are not part of the bankruptcy estate.  Youbet contends that the authority cited by Plaintiff is distinguishable because at the time those cases were decided, all states disfavored enforcing spendthrift provisions in self-settled trusts but that now, eight states allow it.  (Reply at 4-5).  Moreover, J. Goldstein did not have control over the trust because he could not appoint the trustees.  Finally, Youbet argues that 11 U.S.C. § 541(c)(2) "mandates" that applicable non-bankruptcy law that allows spendthrift provisions are enforced in bankruptcy proceedings.  (Reply at 6).

Second, Youbet argues that Plaintiff is not the successor in interest to the JG Trust because J. Goldman's interest in the Trust and the Trust itself are two different things.  (Motion at 15).  Thus, although J. Goldman and his parents did give their interest in the trust to the Plaintiff, pursuant to an order by the bankruptcy court, the Trust itself was never transferred to Plaintiff.  Thus, Plaintiff acquired J. Goldstein's interest in the Trust, but not the Trust's assets.  (Motion at 15-16).  Moreover, Youbet notes that Plaintiff fails to allege adequate facts to show that it has acquired J. Goldstein's interest in the trust.  Namely, the Plaintiff fails to provide evidence that J. Goldstein notified the Trust's trustees that he had relinquished his interest to the Plaintiff.[2] (Motion at 16 n.5).  Second, J. Goldstein had a son before he disclaimed his interest in the Trust, therefore, according to the terms of the trust, once J. Goldstein disclaimed his interest in the trust,

---

[2]According to the Trust, a beneficiary must notify a Trustee if he has disclaimed his interest.  Only upon notification does the disclaimer become effective.

his son would succeed.  (Motion at 16 n.5).

In Response, Plaintiff argues that multiple beneficiaries do not prevent a creditor from assuming the debtor's interest in the trust.  (Response at 12).

The first question is whether Cook Island law applies or if this Court should disregard the choice of law in favor of Florida law.  In bankruptcy cases, federal courts apply the choice of law rules for the state in which it sits, in this case Florida.  *In re Taylor*, 260 B.R. 548, 557 (Bankr. M.D. Fla. 2000).  Generally, parties are free to contract choice of law and the courts will follow the contracted for jurisdiction.  *In re Simpson*, 319 B.R. 256, 262 (Bankr. M.D. Fla. 2003).  If applying the law that the parties chose in the contract violates a fundamental public policy, however, the contract's choice of law will be disregarded and Florida law will apply.  *Id*. at 263. This is a narrow exception and is only applied in cases where the forum's fundamental public policies are violated, "where the chosen forum contravenes strong public policy" of Florida.  *Id*. at 263-65.  Under Florida law, a spendthrift clause is not valid where the settlor is also the beneficiary of a trust; thus, the fact that eight states have a contrary policy is irrelevant.  Florida also has a public policy against fraudulent conduct. *In re Brown*, 303 F.3d 1261, 1266-67 (11th Cir. 2002)(citing numerous Florida cases holding same); *Mazzoni Farms, Inc. v. E.I. Dupont De Nemours and Co.*, 761 So.2d 306, 312 (Fla. 2000).  Although mere differences between Cook Island and Florida law alone do not justify disregarding the law of the chosen forum, here, there is more than a mere difference.  "It is against public policy to permit a man to tie his own property in such a way that he can still enjoy it but can prevent his creditors from reaching it."  *Brown* at 1267.  Thus, in this area, Cook Island law is against the public policy of Florida law and therefore Florida law will apply.

Second, this Court must determine whether the complaint's allegations are sufficient to show that J. Goldstein controlled the JG Trust.  This Court holds that the Trustee's allegations

are sufficient to establish control.  Federal Courts are notice pleading jurisdictions and the

arguments that Plaintiff made in paragraph 62 of the Complaint satisfy this minimal pleading

requirement.

        **III.**    **Conclusion**

       After carefully considering the motions and the pertinent portions of the record, and

having heard oral arguments on the same, it is hereby,

       ORDERED and ADJUDGED that: YouBet.Com's Motion to Dismiss the Fourth

Amended Complaint **[DE 63]** is DENIED.

       DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 14 day of

November, 2006.

                                   _____/s/ Kenneth L. Ryskamp_____

                                    KENNETH L. RYSKAMP

                                    UNITED STATES DISTRICT JUDGE

Copies provided:
All counsel of record